**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| KENNETH L. TEPPER, in his capacity as the LIQUIDATION TRUSTEE for the GFGI LIQUIDATION TRUST,<br>*Plaintiff*,<br><br>v.<br><br>KEEFE, BRUYETTE & WOODS, INC. AND KBW, INC.,<br>*Defendants*. | **Civil Action No. 3:11-CV-2087-L**<br><br>Judge Lindsay |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE ORIGINAL COMPLAINT**

Thomas J. Kavaler (admitted *pro hac vice*)
**CAHILL GORDON & REINDEL LLP**
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3406
Facsimile: (212) 378-2230
tkavaler@cahill.com

Peter C. D'Apice
Texas Bar No. 05377783
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA P.C.**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201-2689
Telephone: (214) 969-4938
Facsimile: (214) 969-4999
dapice@sbep-law.com

*Counsel for Defendants Keefe, Bruyette & Woods, Inc. and KBW, Inc.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

ARGUMENT .......... 1

I. The Liquidation Trustee Lacks Standing to Assert the Claims in its Original Complaint Because the Language in GFG's Plan and Disclosure Statement was Insufficient to Reserve Those Claims .......... 2

A. The Reservation Language is Inadequate .......... 2

B. Plaintiff Cannot Avoid This Circuit's Bright-Line "Specific and Unequivocal" Reservation Standard by Invoking Cases from Other Jurisdictions .......... 4

C. Plaintiff's Numerous Attempts to Distract This Court from the Insufficient Reservation Language in GFG's Bankruptcy Filings Are Unavailing .......... 7

II. The Fifth Circuit's "Specific and Unequivocal" Standard Applies to This Plaintiff .......... 9

CONCLUSION .......... 10

**TABLE OF AUTHORITIES**

Page

Cases

*In re Air Cargo, Inc.*, 2008 WL 2415039 (D. Md. June 11, 2008) ........ 5

*In re Blue Water Endeavors, LLC*, 2011 WL 52525 (Bank. E.D. Tex. Jan. 6, 2011) ........ 5n, 6, 7

*In re Braymer*, 126 B.R. 499 (Bankr. N.D. Tex. 1991) ........ 6

*In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999) ........ 6

*In re Commercial Loan Corp.*, 363 B.R. 559 (Bankr. N.D. Ill. 2007) ........ 5

*Harstad* v. *First American Bank*, 39 F.3d 898 (8th Cir. 1994) ........ 7

*In re Manchester, Inc.*, 2009 WL 2243592 (Bankr. N.D. Tex. July 16, 2009) ........ 2n-3n

*In re MPF Holding U.S. LLC,* 443 B.R. 736 (Bankr. S.D. Tex. 2011), *appeal certified*, 444 B.R. 719 (Bankr. S.D. Tex. 2011) ........ 3n, 4

*In re National Benevolent Ass'n of the Christian Church*, 333 F. App'x 822 (5th Cir. 2009) ........ 4, 5

*In re P.A. Bergner & Co.*, 140 F.3d 1111 (7th Cir. 1998) ........ 5, 5n

*In re Pen Holdings, Inc.*, 316 B.R. 495 (Bankr. M.D. Tenn. 2004) ........ 4-5, 5n, 6

*In re Sweetwater*, 884 F.2d 1323 (10th Cir. 1989) ........ 5

*In re Texas General Petroleum Corp.*, 52 F.3d 1330 (5th Cir. 1995) ........ 9-10

*In re Texas Wyoming Drilling, Inc.*, 422 B.R. 612 (Bankr. N.D. Tex. 2010), *aff'd*, 647 F.3d 547 (5th Cir. 2011) ........ *passim*

*Torch Liquidating Trust* v. *Stockstill*, 561 F.3d 377 (5th Cir. 2009) ........ 9

*In re United Operating, LLC*, 540 F.3d 351 (5th Cir. 2008) ........ *passim*

*United States* v. *Johnston*, 267 B.R. 717 (N.D. Tex. 2001), *aff'd*, 48 Fed.Appx. 917 (5th Cir. Sept.17, 2002) ........ 6

Page

**Statutes**

Bankruptcy Code

11 U.S.C. § 1123 (2006) ........................................ 1, 2, 7, 9

11 U.S.C. § 1123(b)(3) (2006) ........................................ 1, 5n, 6-7

Defendants respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss Plaintiff's Original Complaint.

## ARGUMENT

Fewer than seven months ago, the Court of Appeals reconfirmed that, in order "[f]or a debtor to preserve a claim [under 11 U.S.C. § 1123(b)(3)], the plan must expressly retain the right to pursue such actions" and "[t]he reservation must be specific and unequivocal." *In re Texas Wyoming Drilling, Inc.*, 647 F.3d 547, 550 (5th Cir. 2011) (citation and internal quotation marks omitted). That decision applied the "specific and unequivocal" test to a series of avoidance actions brought by a Chapter 7 trustee standing in the shoes of a debtor that had materially defaulted on its Chapter 11 plan, and directly addressed the question of whether, under *In re United Operating, LLC*, 540 F.3d 351 (5th Cir. 2008), that trustee "lack[ed] standing to pursue [its] claims" because its debtor predecessor had "failed to retain the Avoidance Actions in the [confirmed] plan." 647 F.3d at 551. Plaintiff's current contention that "the Fifth Circuit applies different tests to determine the standing of debtors and liquidation trustees," Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Original Complaint ("Opp."), at 2, and that "section 1123 does not require a liquidation trustee to specifically and unequivocally identify post-petition claims," *id.* at 9, is entirely without merit and directly contrary to the Fifth Circuit's recent analysis. The *only* issue before this court is whether GFG "specifically and unequivocally" reserved the claims that its Liquidation Trustee now seeks to assert against KBW. As demonstrated in Defendants' opening brief, it plainly did not.

## I. The Liquidation Trustee Lacks Standing to Assert the Claims in its Original Complaint Because the Language in GFG's Plan and Disclosure Statement was Insufficient to Reserve Those Claims

### A. The Reservation Language is Inadequate

Limited by the terms of GFG's Plan and Disclosure Statement, Plaintiff's Opposition invokes precisely the language that courts in this Circuit have held insufficient to effect a Section 1123 reservation. *See* Opp. at 20-21 (noting the Liquidation Trustee's "right to pursue claims against third parties" and Plan language that purported to reserve all claims "for breaches of duties imposed by law"). These generic terms cannot support this action against KBW under Fifth Circuit law. Neither GFG's Plan nor its Disclosure Statement contains *any* express reservation of the claims now sought to be asserted in Counts II, III, and IV of the Complaint for federal securities law violations, breach of contract, and breach of the duty of good faith and fair dealing, respectively. Though Plaintiff insists that the all-encompassing boilerplate definition of "Rights of Action" found in the Glossary of GFG's Bankruptcy Plan transforms the Plan's blanket reservations of "All Rights of Action" into "specific and unequivocal" reservations of Counts II, III, and IV, *see* Opp. at 21-22, the Fifth Circuit has stated conclusively that blanket reservations of "any and all claims" are insufficient to preserve a debtor's post-confirmation actions brought by the liquidation trustee. *See In re United Operating*, 540 F.3d at 355-56 (reservation of claims must be "specific and unequivocal;" blanket reservations of "any and all claims" are insufficient) (internal citations omitted).[1] Moreover, even if the broad definition in the Plan's Glossary could

[1] That GFG defined "Rights of Action" broadly enough to include "all claims and causes of action in tort" or arising "under any other theory of law," Opp. at 21, whether specifically intended to circumvent the clear requirements of Fifth Circuit law or not, does not convert generic boilerplate into the requisite "specific and unequivocal" reservation. *See In re Manchester, Inc.*, 2009 WL 2243592, at *4-*5 (Bankr. N.D. Tex. July 16, 2009) (where plan defined "Causes of Action" to mean "any and all actions . . . whatsoever, whether known, unknown . . . at law, in equity or otherwise[,]" plan failed to specifically and unequivocally reserve claims for, *inter alia*, breach of fiduciary duty and negligent misrepresentation because "[w]hile the Plan's definition of Causes of

be construed as an effective reservation of any claim falling within its penumbra (which, as discussed above, it cannot), it plainly does *not* include Count II of the Complaint for violations of the federal securities laws.

The reservation language in GFG's Plan and Disclosure Statement is also insufficient to preserve any of the claims in Plaintiff's complaint (including Count I for alleged fraudulent transfer) against KBW, a professional advisor to GFG in its 2008 financing. In this Circuit, a reservation of claims against prospective defendants must be particular enough to put creditors on notice of all assets potentially recoverable by the reorganized entity. *In re Texas Wyoming Drilling, Inc.*, 647 F.3d 547. Here, neither GFG's Plan nor its Disclosure Statement could have put GFG's creditors on notice that the estate might obtain a recovery from any of GFG's advisors, let alone a recovery amounting to twenty million dollars. Indeed, both the Plan and Disclosure Statement are conspicuously silent with respect to any effort to recover KBW's 2008 fee or to assert related federal securities law or common law claims. Neither the Plan nor the Disclosure Statement identified KBW or professional advisors to the 2008 financing generally as potential defendants. Moreover, while the Disclosure Statement provides that certain payments made to Creditors during the 90-day period preceding the Petition Date and to Insider Creditors during the one-year period preceding the Petition Date "may be subject to avoidance and recovery . . . as preferential and/or fraudulent transfers" (enumerating such payments in Exhibit 3 to

Action is certainly broad enough to include them as claims the Debtors intended to preserve and transfer to the Litigation Trust, the Plan does not expressly identify these claims"). *See also In re MPF Holding U.S. LLC*, 443 B.R. 736, 748-50 (Bankr. S.D. Tex. 2011) (concluding that although the plan reserved "Causes of Action" and "Avoidance Actions" and defined both terms broadly enough to include the preference claims at issue, *and* even though the plan identified the defendants by name in the attached schedules, the reservation provision was insufficient to preserve the claims because it was "specific" but *not* "unequivocal" in that it only reserved such actions "that may exist" rather than those that "do exist and will be prosecuted") ("The Plan's vagueness compounds the fact that the causes of action reserved for the Litigation Trustee amount to a blanket reservation. . . .") (citation and internal quotation marks omitted), *appeal certified*, 444 B.R. 719 (Bankr. S.D. Tex. 2011).

the Disclosure Statement), the payments made to KBW (not an insider) one full year before GFG filed for bankruptcy are notably absent from that list of potential avoidance actions. Having failed to identify KBW as a prospective defendant, either by name or by category, GFG certainly did not provide its creditors with any meaningful estimate of amounts that could be recovered in future litigation against KBW. Without notice of either this category of defendant *or* an estimate of the amount potentially recoverable, GFG's creditors lacked adequate information to decide whether or not to accept the Plan. *See In re National Benevolent Ass'n of the Christian Church*, 333 F. App'x 822, 828-29 (5th Cir. 2009) (dismissing malpractice claims against debtor counsel where debtor asserted claim based on pre-petition services, but plan's "Definitions" section "indicate[d] an intent to reserve claims against 'Professionals' in respect to their conduct related to *the bankruptcy proceedings* and not [to reserve] claims against 'professionals' generally") (emphasis added); *see also In re MPF Holding U.S. LLC*, 443 B.R. 736, 744-45, 749 (Bankr. S.D. Tex.) ("[T]he Fifth Circuit requires that the parties to be sued after confirmation must be individually identified in the plan, and that failure to do so necessarily means that the bright-line test is not satisfied."), *appeal certified*, 444 B.R. 719 (Bankr. S.D. Tex. 2011). *Cf. In re Texas Wyoming Drilling*, 647 F.3d at 552 (holding that plan's reservation provision was sufficiently "specific and unequivocal" where plan expressly identified category of entities encompassing defendants along with the type of action, basis for the action, and possible amount of recovery).

### B. Plaintiff Cannot Avoid This Circuit's Bright-Line "Specific and Unequivocal" Reservation Standard by Invoking Cases from Other Jurisdictions

Throughout the Opposition, Plaintiff cites cases from other jurisdictions to argue for standing to bring these claims. *See, e.g.*, Opp. at 9 (citing *In re Pen Holdings, Inc.*, 316 B.R.

495, 499 (Bankr. M.D. Tenn. 2004));[2] *id.* at 10 (same); *id.* at 11 n.4 (citing *In re Commercial Loan Corp.*, 363 B.R.559, 570 (Bankr. N.D. Ill. 2007); *In re Air Cargo, Inc.*, 2008 WL 2415039, at *5 (D. Md. June 11, 2008)); *id.* at 12 (citing *In re Sweetwater*, 884 F.2d 1323, 1327 (10th Cir. 1989); *id.* at 19-20 (citing *In re P.A. Bergner & Co.*, 140 F.3d 1111, 1117 (7th Cir. 1998). As emphasized in Defendants' opening brief (Def. Br. at 6-7), different Circuits require different levels of detail to preserve pre-petition claims brought after confirmation. Some Circuits hold that broad, categorical reservations are sufficient. *See, e.g.*, *In re P.A. Bergner & Co.*, 140 F.3d 1111, 1117 (7th Cir. 1998).[3] *This* Circuit, however, has adopted a much more demanding standard for claim preservation — a standard that deems categorical reservations of "any and all" claims insufficient. *See In re United Operating*, 540 F.3d at 355; *In re Texas Wyoming Drilling*, 647 F.3d at 550; *In re National Benevolent Ass'n of the Christian Church*, 333 F. App'x at 827-28.

---

2 While Plaintiff's repeated reliance upon a bankruptcy case from the Middle District of Tennessee for the proposition that Section 1123(b)(3) is intended to preserve assets of the estate and allow plan confirmation "before completion of the investigation and prosecution of causes of action" is curious, we note that the position espoused therein is not inconsistent with KBW's position in its opening brief. *See* Def. Br. at 7 ("This specificity requirement 'is a logical consequence of the nature of bankruptcy, which is designed primarily to secure prompt, effective administration and settlement of all debtor's assets and liabilities within a limited time' so that the debtor may be afforded a 'fresh start.'") (citing *In re United Operating*, 540 F.3d at 355; *In re Blue Water Endeavors, LLC*, 2011 WL 52525, at *3 (Bankr. E.D. Tex. Jan. 6, 2011)). Moreover, KBW does not contest *In re Pen Holdings, Inc.*'s directive that the fundamental question a court must answer in determining the sufficiency of reservation language is: "Did the reservation allow creditors to identify and evaluate the assets potentially available for distribution?" (316 B.R. at 504). This is consistent with the Fifth Circuit's own analysis in *In re Texas Wyoming Drilling*. *See* 647 F.3d at 551.

3 Although the Seventh Circuit did not endorse the Fifth Circuit's "specific and unequivocal" test in *In re P.A. Bergner & Co.*, Defendants note that the reservation language there held sufficient even under that court's *less* demanding standard was *more* specific than the blanket reservations in GFG's Plan and Disclosure Statement, and the creditors in that matter were on sufficient notice of the action because the claims at issue had *already* been filed at the time of the bankruptcy proceedings. *See* 140 F.3d at 1117 (plan reserved "any such actions that may be pending on [the date the Disclosure Statement's approval]" and "at the time its plan was confirmed [the debtor] had been prosecuting the present action . . . for over fourteen months").

The Fifth Circuit's bright-line rule on standing to bring post-confirmation claims follows from the well-established federal policy of requiring full disclosure in the bankruptcy process. *See, e.g.*, *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) ("the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets") (citation and internal quotation marks omitted; emphasis omitted); *United States* v. *Johnston*, 267 B.R. 717, 723 (N.D. Tex. 2001) (same); *In re Braymer*, 126 B.R. 499, 503 (Bankr. N.D. Tex. 1991) ("Bankruptcy law presupposes that one who seeks its protection will deal honestly and fairly with creditors by furnishing a complete and accurate schedule of assets. The trustee and creditors are entitled to honest and accurate signposts on the trail showing what property has passed through the debtor's hands during the period prior to bankruptcy") (citations omitted). To Plaintiff's chagrin, this rule accomplishes its goal by focusing prophylactically, as it must, on the *bankrupt entity*'s conduct and not on the alleged conduct or culpability of whichever downstream litigant may serendipitously surface after confirmation. *See In re Blue Water Endeavors*, 2011 WL 52525, at *4 ("The purpose [of the 'specific and unequivocal' reservation requirement] is not to protect all defendants who may be sued at some future time" but to ensure that a debtor fully discloses "the totality of the estate's assets" when its plan is under consideration) (citing *In re Texas Wyoming Drilling, Inc.*, 422 B.R. 612, 625 (Bankr. N.D. Tex. 2010), *aff'd*, 647 F.3d 547 (5th Cir. 2011)).

The Fifth Circuit has not, as Plaintiff implies, conditioned application of its "specific and unequivocal" reservation standard upon its assertion by a particular type of litigant (creditor or non). Plaintiff's repeated statement that KBW was not a creditor voting on GFG's Bankruptcy Plan (Opp. at 8, 11) misses the point, as does Plaintiff's reliance (*see* Opp. at 9-10) on cases like *In re Pen Holdings, Inc.*, 316 B.R. 495, 500 (Bankr. M.D. Tenn. 2004), for the proposition that §

1123(b)(3)(B) is "directed towards the estate's creditors, not the potential defendants." KBW does not complain that *it* did not receive notice of this action; KBW only observes that GFG's *creditors* did not receive notice of this action and therefore were not informed when voting on GFG's Plan that the estate might be the beneficiary of a *twenty million dollar* recovery from KBW (assuming such claims were otherwise valid, which they are not). GFG's creditors were never able to consider such prospective claims as part of the proposed liquidation as they were entitled to do, *see In re Blue Water Endeavors*, 2011 WL 52525, at *4 (quoting *Harstad* v. *First American Bank*, 39 F.3d 898, 903 (8th Cir. 1994)), and thus any such claims were, as a matter of law, extinguished upon confirmation of the Plan. KBW also does not contend, as Plaintiff insists (*see* Opp. at 11), that Section 1123 and the Fifth Circuit's application thereof are intended to protect KBW or other similarly-situated entities; KBW is simply asserting, in response to the complaint filed against it, that by operation of a clear and indisputable rule applicable in this Circuit of which it is an incidental beneficiary, these "claims" (if they ever existed) have been extinguished and thus are no longer available for Plaintiff to sue upon. That rule exists to promote conduct in bankruptcy filings that facilitates the prompt administration of a debtor's assets in a manner that maximizes returns to creditors. *See In re United Operating*, 540 F.3d at 355. Were the rule not enforced uniformly with respect to all actions filed post-petition, the Fifth Circuit's goal of full disclosure of potential claims in bankruptcy proceedings would be thwarted.

### C. Plaintiff's Numerous Attempts to Distract This Court from the Insufficient Reservation Language in GFG's Bankruptcy Filings Are Unavailing

In an effort to avoid the consequences of the insufficiency of GFG's reservation language, Plaintiff spends the majority of the Opposition addressing arguments that Defendants have not raised. *See, e.g.*, Opp. at 4-5 (arguing that GFG properly filed for bankruptcy protection

under Chapter 11); *id.* at 5-7, 12 (arguing that the GFGI Liquidation Trust was created "for the sole benefit of the creditors and for the sole purpose of liquidating the assets" of GFG); *id.* at 12-13 (arguing that Kenneth L. Tepper was properly appointed Liquidation Trustee); *id.* at 8, 11, 14 (arguing that KBW is not a creditor of GFG and did not file a proof of claim in the bankruptcy);[4] *id.* at 6-7 (arguing that the Plan and Disclosure Statement reserve certain causes of action). To be clear, KBW does not dispute that GFG properly filed for bankruptcy protection under Chapter 11; it did. KBW does not disagree that the GFGI Liquidation Trust was created to liquidate GFG's assets for the benefit of GFG's creditors; it was. KBW does not contest whether Plaintiff was properly appointed Liquidation Trustee for the GFGI Liquidation Trust; he was. KBW does not assert that it filed a claim in GFG's bankruptcy proceedings or that it was a creditor of GFG in those proceedings; it did not and was not. Most importantly, KBW does not doubt that GFG's Plan and Disclosure Statement properly reserved *some* of GFG's pre-petition claims;[5] it certainly did. What KBW asserts — and what the undisputed prior filings and controlling law undeniably demonstrate — is that GFG's Plan and Disclosure Statement failed to reserve *the specific claims that Plaintiff now seeks to assert against KBW* in this action and thus, as a matter of law, those claims may not now be pursued.

---

4 Although Plaintiff insists that KBW cannot challenge Plaintiff's standing because KBW was not a creditor of GFG, did not file a claim in the bankruptcy proceeding, and did not vote on the Plan, *see* Opp. at 8, 10-11, 14, Plaintiff has not identified a single case within the Fifth Circuit that supports this position.

5 *See* Def. Br. at 13 ("GFG . . . *did* expressly reserve claims against entities *other* than KBW and listed the value of potentially avoidable transfers to *other* parties"); *id.* ("KBW is also absent from Article 6.H of the Disclosure Statement, entitled 'Potential Claims of the Debtors Against Third Parties,' which specifically reserves claims against Temple-Inland and GFG Officers and Directors").

## II. The Fifth Circuit's "Specific and Unequivocal" Standard Applies to This Plaintiff

Unable to meet the Fifth Circuit's bright-line "specific and unequivocal" reservation standard, Plaintiff argues in the alternative that the standard does not apply to him. The distinction Plaintiff seeks to draw — that the "specific and unequivocal" test only applies to actions brought by a reorganized debtor and not to actions brought by a liquidation trustee — is found nowhere in controlling case law. Though Plaintiff quotes convenient language extracted from *In re Texas General Petroleum Corp.*, 52 F.3d 1330 (5th Cir. 1995), and *Torch Liquidating Trust* v. *Stockstill*, 561 F.3d 377 (5th Cir. 2009), to support this argument, Opp. at 11-13, 16-17, closer examination of both decisions reveals that neither is on point. Both considered whether the authority to enforce *any* of the estate's claims had been properly transferred to a particular liquidation trustee, not whether the specific claims at issue had been properly reserved. *See In re Texas General Petroleum Corp.*, 52 F.3d at 1334 (Defendant "contends that the Liquidating Trustee cannot exercise avoidance powers because it is neither the Debtor nor the Trustee"); *Torch Liquidating Trust*, 561 F.3d at 387 (citing *In re Texas General Petroleum Corp.* for the proposition that "[s]ection 1123 therefore allows a plan to transfer to a trustee of a liquidating trust the authority to enforce an estate's claims"). KBW does not contest that Plaintiff was properly appointed as a representative of the GFG estate to enforce certain pre-petition claims (an issue that *is* governed by the two-part test articulated in *Texas General Petroleum*); KBW observes only that Plaintiff lacks standing to pursue *these* pre-petition claims because *these specific claims* were not properly reserved — a challenge that must be addressed by application of the Fifth Circuit's "specific and unequivocal" test established in *United Operating*. Indeed, *Texas General Petroleum* made no distinction between the reservation standard applicable to reorganized debtors and liquidation trustees. To the contrary, the Fifth Circuit actually used the terms "Debtor"

and "Liquidation Trustee" *interchangeably* when discussing the trustee's standing. 52 F.3d at 1335 & n.4 (holding that the bankruptcy plan "provides the Liquidating Trustee with authority to enforce the avoidance actions on behalf of the estate" and noting immediately thereafter that "[f]or a debtor to assert an avoidance action postconfirmation, the plan must give the debtor standing to assert the action") (internal citation omitted). Plaintiff's novel assertion that a different standard applies to liquidation trustees is particularly fanciful in light of *In re Texas Wyoming Drilling, Inc.*, the July 21, 2011 decision in which the Fifth Circuit applied the "specific and unequivocal" test in determining whether or not a trustee had standing to pursue avoidance actions. 647 F.3d 547, 549-50, 552 (5th Cir. 2011) (noting that the bankruptcy court converted the plaintiff's reorganization bankruptcy to a liquidation bankruptcy and that *United Operating*'s "specific and unequivocal" test applied to determine whether or not the trustee had standing). While the actions at issue in *In re Texas Wyoming Drilling* were originally commenced by a reorganizing debtor after confirmation, the debtor's bankruptcy was subsequently converted to Chapter 7 liquidation when the debtor materially defaulted under its confirmed plan. *Id.* From that point on, "[t]he trustee automatically succeeded TWD as the plaintiff in the Avoidance Actions." *Id.* at 549. Though the Fifth Circuit may have referred to the plaintiff as the reorganized debtor throughout, its holding plainly applied to the "specific and unequivocal" standard to the trustee's standing. *See id.* at 552.

## CONCLUSION

For these and the reasons set forth in Defendants' opening brief, Plaintiff lacks standing to bring this action and thus the Complaint must be dismissed with prejudice.

Dated: February 2, 2012 Respectfully submitted,

/s/ Thomas J. Kavaler
(admitted *pro hac vice*)
**CAHILL GORDON & REINDEL LLP**
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3406
Facsimile: (212) 378-2230
tkavaler@cahill.com

Peter C. D'Apice
Texas Bar No. 05377783
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA P.C.**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201-2689
Telephone: (214) 969-4938
Facsimile: (214) 969-4999
dapice@sbep-law.com

*Counsel for Defendants Keefe, Bruyette & Woods, Inc. and KBW, Inc.*